# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM PHUONG NGUYEN, and AUDIE CHAU, et al., <br><br>  Plaintiffs, <br><br> vs. <br><br> MICHAEL S. ASTRUE, Commissioner of Social Security, <br><br>  Defendants. | CASE NO. 10cv1927-IEG(JMA) <br><br> Order Granting Defendant's Motion to Dismiss; Granting Leave to Amend |

Presently before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by Defendant Michael S. Astrue, Commissioner of Social Security ("Commissioner") pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has filed an opposition and the Commissioner filed a reply. The Court previously found the Commissioner's motion appropriate for submission on the papers and without oral argument, and vacated the hearing. Thereafter, Plaintiff filed a notice of related case, and request for judicial notice.[1]

Upon review, for the reasons explained herein, the Court GRANTS the Commissioner's motion to dismiss, but grants Plaintiff leave to file a second amended complaint.

---

[1] Plaintiffs ask the Court to take judicial notice of the complaint filed in Case No. 10cv2095-W(CAB), insofar as the plaintiffs in that case have been awaiting processing of their claims by the Appeals Council for over two years. Upon review, the matters in that complaint do not impact the Court's decision on the current motion to dismiss.

## *Background*

Plaintiff Kim Phuong Nguyen, proceeding through counsel, originally filed a petition for a writ of mandamus in this case on September 16, 2010, seeking relief on behalf of an unidentified class. Plaintiff alleged the Commissioner denied her benefits, and refused to process her application, unless Plaintiff attended a consultative examination with Seagate Medical Group. Plaintiff alleged the Commissioner's denial of benefits, and refusal to process applications, violated the Social Security Act (42 U.S.C. § 301 *et seq.*, 42 U.S.C. § 1381 *et seq.*, and 20 C.F.R. § 416.927), her right to due process under the Fifth Amendment, and the Administrative Procedures Act (5 U.S.C. § 706(2)(A)).

Plaintiffs Kim Phuong Nguyen and Audie Chau filed their First Amended Complaint ("FAC") on October 4, 2010. Plaintiffs allege claims on behalf of the following class:

> The class consists of all applicants who have applied for benefits under Title II and/or Title VXI of the Social Security Act due to severe physical and/or mental impairments and had his or her claim denied because of their refusal to attend consultative examinations wtih Seagate, or based on results of the Seagate consultative examinations.

[FAC, ¶ 4.] The First Amended Complaint again alleges that the Commissioner denied Plaintiff Nguyen benefits after she refused to attend a consultative examination with Seagate Medical Group. [FAC, ¶ 9.] Plaintiff Nguyen further alleges that on October 3, 2009, she appealed the Administrative Law Judge's decision dismissing her application; however, the Appeals Council has not yet responded to the appeal. [FAC, ¶ 9.] In March 2010, Plaintiff Nguyen reapplied for benefits, but her application was again denied because she refused to attend a Seagate consultative examination. [FAC, ¶ 10.]

Plaintiff Chau applied for benefits under Title II and Title XVI of the Social Security Act in January 2006. [FAC, ¶ 12.] Plaintiff Chau was scheduled for an examination with the Seagate Group, but declined to attend the examination. Plaintiff Chau alleges an ALJ thereafter denied his benefits based upon his refusal to attend the consultative examinations at Seagate.[2] [FAC, ¶ 13-

---

[2] As noted below on page 5, Plaintiff Chau's allegation that the ALJ denied benefits based upon his refusal to attend the Seagate consultative examination is false. Instead, the ALJ denied benefits after Plaintiff Chau attended two consultative exams with other doctors, and after a full consideration of the medical record provided by Plaintiff and his counsel.

1  14.] Plaintiff Chau appealed the ALJ's denial of benefits on December 17, 2009, but there has
2  been no action on the appeal. [FAC, ¶ 14.]
3       Plaintiffs allege the Commissioner has summarily denied their applications because of their
4  refusal to attend Seagate consultative examinations, and that such denial violates the Social
5  Security Act and applicable regulations. [FAC, ¶ 15.] Plaintiffs also allege the Commissioner's
6  failure to process their applications results in undue delay and violates due process. [FAC, ¶ 17.]
7  Finally, Plaintiffs allege that the Commissioner's refusal to process their applications, either based
8  upon their refusal to attend Seagate examinations or based upon the results of Seagate
9  examinations, violates the Administrative Procedures Act. [FAC, ¶ 19.] Plaintiffs seek an
10 injunction "perpetually enjoining and restraining defendant from dismissing plaintiffs'
11 applications due to plaintiffs' refusal to attend Seagate examinations." [FAC, Prayer for Relief,
12 ¶ 4.] Plaintiffs also seek a declaration that their due process rights have been violated and an
13 award of attorney's fees. [FAC, Prayer for Relief, ¶¶ 5-6.]
14      The Commissioner now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing the
15 Court lacks subject matter jurisdiction.

### ***Legal Standard***

17      Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss where the court
18 lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction," the
19 Court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" Kokkonen v.
20 Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion "can attack the
21 substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so
22 doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of
23 Chico, 880 F.2d 199, 201 (9th Cir. 1989). Thus, the existence of disputed material facts will not
24 preclude the court from evaluating for itself the merits of jurisdictional claims. Id. Because the
25 plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of
26 truthfulness attaches to the allegations of the plaintiff's complaint, and the Court must presume
27 that it lacks jurisdiction until the plaintiff establishes jurisdiction. Stock West, Inc. v.
28 Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

## *Discussion*

The Commissioner moves to dismiss under Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs have not received a final reviewable decision pursuant to 42 U.S.C. § 405(g). In opposition, Plaintiffs argue the Appeals Council's delay in considering their claims constitutes *de facto* denial, or alternatively that the Court should waive the § 405(g) exhaustion requirement. Plaintiffs also argue the Court may assume mandamus jurisdiction over their claims notwithstanding any failure to exhaust administrative remedies.

*1.   Subject Matter Jurisdiction Over Actions Challenging Decisions of Social Security Administration*

Federal agencies, such as the Social Security Administration, have sovereign immunity from suit unless such immunity has been waived. FDIC v. Meyer, 510 U.S. 471, 475 (1994). An agency's waiver of immunity must be "unequivocally expressed" and will be strictly construed in favor of immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). Thus, a plaintiff bringing suit against a federal agency must identify the agency's express waiver of sovereign immunity. Kaiser v. Blue Cross, 347 F.3d 1107, 1117 (9th Cir. 2003).

The Social Security Act contains a very narrow waiver of sovereign immunity. 42 U.S.C. §§ 405(g) and (h). Pursuant to § 405(g), an individual may seek judicial review of a "final decision" of the Commissioner. A final decision is one obtained by a claimant after proceeding through all stages of the administrative appeals process. Bowen v. City of New York, 476 U.S. 467, 482 (1986). The appeals process consists of four steps:(1) an initial determination; (2) reconsideration of the initial determination; (3) a decision by an ALJ; and (4) Appeals Council review. 20 C.F.R. § 404.900, 416.1400 (2010). Until the Appeals Counsel has completed its review, the administrative process has not been completed and there is no "final decision" to review. Pursuant to the plain language of the statute:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claims arising under this title.

42 U.S.C. § 405(h).

Here, Plaintiffs' claims for disability benefits are before the Appeals Council, which has yet to render a final decision. Therefore, the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### 2. *Appeals Council's Delay in Processing Claims*

Plaintiffs argue the Appeals Council's delay in processing their claims should be considered *de facto* denial, permitting review by this Court. There is no authority for Plaintiff's argument. The Supreme Court has held that federal courts may not impose mandatory deadlines with respect to the adjudication of disability claims. Heckler v. Day, 467 U.S. 104, 110-11 (1984).[3] Furthermore, the Ninth Circuit has declined to recognize a plaintiff's ability to bring an independent procedural due process claim at least until such time as the administrative process has been exhausted. Kildare v. Saenz, 325 F.3d 1078, 1086 (9th Cir. 2003) ("[a]ppellants have not been deprived or procedural due process until they have exhausted their administrative remedies, because only then can we determine whether Appellants were deprived of adequate process.").

### 3. *Waiver of Exhaustion Requirement*

In the alternative, Plaintiffs argue the Court should waive the exhaustion requirement. The Court may waive the exhaustion requirement of 42 U.S.C. § 405(g) where the plaintiff demonstrates the claim is:

> (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).

Kildare, 325 F.3d at 1082 (citing Johnson v. Shalala, 2 F.3d 918, 91 (9th Cir. 1993)).

Plaintiffs argue the Commissioner's policy of requiring claimants to undergo consultations with the Seagate Medical Group is collateral to their substantive claim of entitlement to benefits. However, the SAC alleges "plaintiffs should have been awarded benefits" and their claims were denied "because of plaintiffs' refusal to attend Seagate consultative examinations." [SAC, ¶ 7.] Plaintiffs' allegation that their claims were denied for failure to attend Seagate consultative examinations is intertwined with the substantive inquiry of disability. For example, contrary to the

---

[3] The Supreme Court in Heckler did not hold that a delay in process social security claims could never amount to a violation of due process. Instead, the Court invalidated the district court's prospective injunction setting forth firm deadlines for the agency to act upon claims.

1 allegations of the FAC, although Plaintiff Chau was originally scheduled for physical examination
2 with Seagate Medical Group, the State agency rescheduled his examination with a different
3 physician. [Declaration of Brian Linden filed in Support of Commissioner's Motion to Dismiss
4 ("Linden Decl."), ¶ 4.] Plaintiff Chau attended that physical examination, as well as a subsequent
5 mental status examination with yet another physician. [Id. ¶ 5.] In denying Plaintiff Chau's
6 application for benefits, the ALJ considered the opinions of these consultative examiners along
7 with the opinions of Plaintiff's treating doctors and two physicians who examined Plaintiff at the
8 request of his attorney. [Linden Decl., Exhibit 1, pp. 8-9.] Any evaluation by the Court of the
9 Plaintiffs' refusal to attend a Seagate consultative evaluation will necessarily require an evaluation
10 of the administrative record. Therefore, the asserted claim is not collateral.

11 Furthermore, exhaustion of administrative remedies is not futile because the regulations
12 provide a mechanism to challenge the qualifications of a state consultative examiner. 20 C.F.R.
13 § 416.919j (providing that a claimant "may object to your being examined by a medical source"
14 and that if there is "good reason for the objection" the agency will schedule the examination with
15 another medical source); 20 C.F.R. § 416.919s (providing that state agencies must maintain
16 procedures for handling complaints and evaluating providers). Plaintiff Nguyen utilized this
17 procedure, and the ALJ rejected her claim of bias. [Declaration of Patrick J. Herbst, Exhibit 1, p. 6
18 (indicating the ALJ investigated Plaintiff Nguyen's objection to Seagate pursuant to 20 C.F.R.
19 § 416.919(j) and (s) and found the claims of bias had previously been exonerated). Thus,
20 Plaintiffs' bias claim can be reviewed following exhaustion of administrative remedies. Plaintiffs
21 are not entitled to waiver of the exhaustion requirement under § 405(g).

22 *4.    Mandamus relief*

23 Plaintiffs argue that even if this Court lacks jurisdiction under 42 U.S.C. § 405(g), it may
24 nonetheless exercise mandamus jurisdiction under 28 U.S.C. § 1361. Mandamus relief under
25 § 1361 is available to a plaintiff "only if he has exhausted all other avenues of relief and only if the
26 defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616-17
27 (1989). Here, Plaintiffs have an adequate alternative remedy – they can complete the
28 administrative review of their claims. In addition, Plaintiffs identify no clear nondiscretionary

1  duty which they seek to enforce.  Plaintiff Nguyen argues the Commissioner "violates the Social
2  Security Act and her rights to due process by summarily denying her claim for benefits after she
3  refused to attend Seagate consultative examinations."  [Opposition, pp. 20-21.]  Certainly the
4  Administrative Law Judge has a duty to fully and fairly develop the record and to assure that the
5  claimant's interests are considered.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  Here,
6  the ALJ attempted to augment the record regarding Plaintiff Nguyen's claim of disability, but
7  Nguyen refused to attend the consultative examination. Plaintiffs imply that the ALJ has a duty to
8  send them to a consultative examiner of their choice if they object to Seagate.  However, Plaintiffs
9  identify no clear nondiscretionary duty on the part of the ALJ or the Commissioner to send
10 claimants to an examiner of their choice even where complaints of bias have been investigated and
11 rejected.  Therefore, mandamus relief is not appropriate.

### *Conclusion*

13     For the reasons set forth herein, the Court lacks subject matter jurisdiction over Plaintiffs'
14 claims.  Therefore, the Court GRANTS the Commissioner's motion to dismiss.  Because it is not
15 clear beyond doubt that amendment of the complaint would be futile, the Court grants Plaintiffs
16 leave to file an amended complaint within fourteen (14) days of the filing of this order.  Center for
17 Biological Diversity v. Veneman, 394 F.3d 1108, 1114 (9th Cir. 2005) (upon dismissal for lack of
18 subject matter jurisdiction, court should grant leave to amend unless it is clear beyond a doubt that
19 amendment would be futile).

20     **IT IS SO ORDERED**.
21 **DATED: January 27, 2011**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**