# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM PHUONG NGUYEN, RIN LAY, NAZDAR RAHSID ALZAYADIE, and XUAN MONG PHAN,<br><br>                              Plaintiffs,<br>       vs.<br><br>MICHAEL S. ASTRUE, Commissioner of Social Security,<br><br>                              Defendants. | CASE NO. 10cv1927-IEG(JMA)<br><br>Order Granting Defendant's Motion to Dismiss Second Amended Complaint; Granting in Part Leave to File Third Amended Complaint |

Presently before the Court is the motion to dismiss the Plaintiffs' second amended complaint ("SAC") for lack of subject matter jurisdiction filed by Defendant Michael S. Astrue, Commissioner of Social Security ("Commissioner") pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs have filed an opposition, in which they seek leave to file a third amended complaint. The Commissioner filed a reply. The Court previously found the Commissioner's motion appropriate for submission on the papers and without oral argument, and vacated the hearing. Upon review, for the reasons explained herein, the Court GRANTS the Commissioner's motion to dismiss the second amended complaint, and GRANTS IN PART Plaintiffs' motion for leave to file a third amended complaint.

## *Background*

Plaintiff Kim Phuong Nguyen, proceeding through counsel, originally filed a petition for a

writ of mandamus in this case on September 16, 2010, seeking relief on behalf of an unidentified class. Plaintiff alleged the Commissioner denied her benefits, and refused to process her application, unless Plaintiff attended a consultative examination with Seagate Medical Group. Plaintiff alleged the Commissioner's denial of benefits, and refusal to process applications, violated the Social Security Act (42 U.S.C. § 301 *et seq*., 42 U.S.C. § 1381 *et seq*., and 20 C.F.R. § 416.927), her right to due process under the Fifth Amendment, and the Administrative Procedures Act (5 U.S.C. § 706(2)(A)). Before the Commissioner appeared in the case, Plaintiffs Kim Phuong Nguyen and Audie Chau[1] filed their first amended complaint ("FAC") on October 4, 2010, alleging claims on behalf of the following class:

> The class consists of all applicants who have applied for benefits under Title II and/or Title VXI of the Social Security Act due to severe physical and/or mental impairments and had his or her claim denied because of their refusal to attend consultative examinations wtih Seagate, or based on results of the Seagate consultative examinations.

[FAC, ¶ 4.] The FAC again alleged that the Commissioner denied Plaintiffs benefits after they refused to attend a consultative examination with Seagate Medical Group. [FAC, ¶ 9.]

By order filed January 27, 2011, the Court granted the Commissioner's motion to dismiss the FAC. The Court concluded it lacked subject matter jurisdiction over Plaintiffs' claims because Plaintiffs had not received a final decision subject to judicial review under 42 U.S.C. §405(g). [Doc. No. 20, p.6.] The Court further concluded Plaintiffs were not entitled to mandamus relief under 28 U.S.C. § 1361, because Plaintiffs have a remedy through the administrative review process and there is no clear nondiscretionary duty they seek to enforce.

Plaintiff Nguyen filed a SAC on February 10, 2011. The SAC adds claims by Plaintiffs Rin Lay, Nazdar Rahsid Alzayadie, and Xuan Mong Phan. [Doc. No. 21.] Plaintiff Nguyen again alleges that the Commissioner's denial of her claim for benefits, based upon her refusal to attend a consultative examination at Seagate Medical Group, violated her right to due process and violated the Social Security Act. [SAC, ¶ 9.] Plaintiffs Rin Lay and Nazdar Alzayadie both allege they

---

[1] Plaintiff Chau alleged in the FAC that the ALJ denied benefits based upon his refusal to attend the Seagate consultative examination. After the Court pointed out in its January 27, 2011 order that such allegation was false, Chau was not included as a Plaintiff in the Second Amended Complaint.

1  attended examinations at Seagate in the course of their claim for benefits, in the 2005-2006 time
2  period, but the Seagate report was untruthful and misleading and resulted in the denial of their
3  benefits. [SAC, ¶ 14-15, 23-25.] Plaintiffs Ray and Alzayadi both allege they eventually obtained
4  a court reversal of the Commissioner's decision. [SAC, ¶ 15, 25.]

5  Plaintiff Xuan Phan underwent consultative medical examinations at Seagate in December
6  of 1995 and January of 1996. [SAC, ¶ 16-17.] Based upon the reports by Seagate examiners,
7  Plaintiff Phan's application for disability benefits was denied in October of 1997. [SAC, ¶ 18.]
8  Plaintiff Phan again applied for disability benefits in March of 2001, and her application was
9  denied under the principle of *res judicata*. [SAC, ¶ 19.] Plaintiff Phan filed a third application
10 sometime thereafter, and was again sent for examination at Seagate. Her application for benefits
11 was denied in January of 2009. [SAC, ¶¶ 20-21.] Plaintiff filed an appeal with the Appeals
12 Council, but in March of 2010 was informed no appeal was pending and she should file a new
13 application. [SAC, ¶ 22.]

14 All plaintiffs allege in the SAC that the Commissioner's actions in summarily denying their
15 applications for benefits "because of plaintiffs' refusal to attend Seagate consultative examinations
16 constitute unconstitutional compulsion and violates the Social Security Act." [SAC, ¶ 27.] They
17 also allege violation of their right to due process and violation of the Administrative Procedures
18 Act, 5 U.S.C. § 706(2)(A). [SAC, ¶¶ 29 and 31.] The Commissioner now moves to dismiss the
19 SAC pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction.
20 Plaintiffs do not oppose the Commissioner's motion to dismiss, but instead seek leave to file a
21 third amended complaint ("TAC"). The Court will first address the Commissioner's motion to
22 dismiss the SAC, and then will consider whether it would be appropriate to grant Plaintiff leave to
23 file a TAC.

24                              ***Legal Standard***

25 Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss where the court
26 lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction," the
27 Court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" Kokkonen v.
28 Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion "can attack the

1  substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so
2  doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of
3  Chico, 880 F.2d 199, 201 (9th Cir. 1989). Thus, the existence of disputed material facts will not
4  preclude the court from evaluating for itself the merits of jurisdictional claims. Id. Because the
5  plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of
6  truthfulness attaches to the allegations of the plaintiff's complaint, and the Court must presume
7  that it lacks jurisdiction until the plaintiff establishes jurisdiction. Stock West, Inc. v.
8  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

9  Pursuant to Fed. R. Civ. P. 15(a)(2), parties are permitted to file subsequent amendments to
10 their pleadings only by leave of court. Such leave should ordinarily be freely granted, except
11 where there is "undue prejudice to the opposing party, bad faith by the movant, futility, [or] undue
12 delay." Cafasso, ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir.
13 2011).

14 ***Discussion***

15 *1. Motion to dismiss for lack of subject matter jurisdiction*

16 The Commissioner moves to dismiss under Fed. R. Civ. P. 12(b)(1), arguing the Court
17 lacks subject matter jurisdiction over Plaintiffs' claims as set forth in the SAC because at the time
18 the SAC was filed Plaintiffs had not received a final reviewable decision pursuant to 42 U.S.C.
19 § 405(g). As explained in the Court's January 27, 2011 order, the Social Security Act contains a
20 very narrow waiver of sovereign immunity for judicial review of a "final decision" of the
21 Commissioner. In their opposition, Plaintiffs do not dispute that as of the time of the filing of the
22 SAC, none of the named Plaintiffs had received final decisions subject to judicial review under
23 § 405(g). [Doc. 29-2, p. 15.] For the reasons set forth in the Court's January 27, 2011 order, the
24 Court rejects Plaintiffs' alternative arguments that exhaustion should be waived or that the Court
25 may exercise jurisdiction under the Mandamus Act. Plaintiffs raise no new arguments warranting
26 additional discussion on these points. The Commissioner's motion to dismiss the SAC is
27 GRANTED.
28

*2. Motion for leave to file a third amended complaint*

Plaintiffs seeks leave to file a third amended complaint, and attach a proposed third amended complaint ("PTAC") to their motion. [Doc. 29-1.]  As with the SAC, Plaintiffs again seek to assert claims on behalf of Kim Phuon Nguyen, Rin Lay, Nazdar Rahsid Alzayadie, Xuan Mong Phan.  Plaintiffs also seek to add two new Plaintiffs, Xi Pham and Huong Nguyen, both of whom allegedly had their claims for benefits denied after a Seagate consultative examination. [PTAC, ¶¶ 27-31, 32-36.]  Plaintiffs Rin Lay and Huong Nguyen now allege they have obtained final decisions from the agency reviewable under § 405(g).  The PTAC alleges an administrative law judge ("ALJ") issued a decision on Plaintiff Rin Lay's application for benefits on January 22, 2011, which became final on March 24, 2011.  [PTAC, ¶ 15.]  The PTAC also alleges that on March 11, 2011, the Appeals Council rendered a "final decision" awarding plaintiff Huong Nguyen retroactive benefits.  [PTAC, ¶ 31.]  The PTAC does not identify a "final decision" of the Commissioner for Plaintiffs Kim Phuon Nguyen, Nazdar Rahsid Alzayadie, Xuan Mong Phan, or Xi Pham.

Upon review, the Court concludes the PTAC submitted by Plaintiffs fails to state a claim for relief, such that filing the pleading would be futile.  For the reasons set forth in the Court's January 27, 2011 order, the Court does not have jurisdiction over the claims of Plaintiffs Kim Phuon Nguyen, Nazdar Rahsid Alzayadie, Xuan Mong Phan, or Xi Pham as there is no "final decision" reviewable under 42 U.S.C. § 405(g).  Thus, amendment to assert these claims would be futile and the Court DENIES leave to amend as to these Plaintiffs.

As to Plaintiffs Rin Lay and Huong Nguyen, the Plaintiffs have identified a final decision which may confer jurisdiction for judicial review under § 405(g).  However, a review of the PTAC shows Plaintiffs have not stated a claim for relief as to these Plaintiffs.  In the PTAC, Plaintiffs Rin Lay and Huong Nguyen assert a claim for violation of the Social Security Act based upon "defendant's summary denial of plaintiffs' applications by dismissing plaintiffs' claims because of plaintiffs' *refusal* to attend Seagate consultative examinations." [PTAC, ¶ 37.]  However, according to the allegations of the PTAC, both Plaintiff Rin Lay and Huong Nguyen *attended* examinations with the Seagate Medical Group (or GTC Medical Group, an alleged offshoot of the

1  Seagate Medical Group).  [PTAC, ¶¶ 29-30, 34-35.]  Therefore, these Plaintiffs have not stated
2  claim for relief under the Social Security Act.
3      Plaintiffs also allege in the PTAC that "defendant's coercion and compulsion of plaintiffs
4  to attend Seagate consultative examinations as a condition of applying for benefits violate the
5  Administrative Procedures Act, 5 U.S.C. § 706(2)(A)."  [PTAC, ¶ 41.]  However, the
6  Administrative Procedures Act is not an independent basis of subject matter jurisdiction.  Visiting
7  Nurse Services, Inc. v. Shalala, 525 U.S. 449, 457-58 (1999).  The Act is merely a procedural
8  vehicle for review of agency action and does not confer any substantive rights.  Furlong v. Shalala,
9  156 F.3d 384, 394 (2d Cir. 1998).  Therefore, to the extent Plaintiffs seek to assert a claim under
10 the Administrative Procedures Act, rather than under the Social Security Act, the amendment
11 reflected in the PTAC would also be futile.
12     Finally, Plaintiffs allege the "defendant's coercion and compulsion of plaintiffs to attend
13 Seagate consultative examinations as a condition of applying for Title II and/or Title XVI benefits
14 violate plaintiff's due process rights ...."  [PTAC, ¶ 39.]  In order to state a claim for violation of
15 procedural due process, Plaintiffs Rin Lay and Huong Nguyen must allege "(1) a deprivation of a
16 constitutionally protected liberty or property interest, and (2) a denial of adequate procedural
17 protections."  Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  Even liberally construed, the
18 PTAC does not allege any facts demonstrating a violation of procedural due process.
19     The only question, then, is whether Plaintiffs should be granted leave to file a third
20 amended complaint to attempt to cure the deficiencies noted herein.  The Court dismissed
21 Plaintiff's first amended complaint solely based upon the defect in subject matter jurisdiction, and
22 has not previously noted deficiencies with regard to the causes of action Plaintiffs allege.
23 Therefore, the Court believes it would be appropriate to allow Plaintiffs Rin Lay and Huong
24 Nguyen one additional opportunity to amend now that they have obtained a final agency decision.
25 The Commissioner argues in reply that subject matter jurisdiction is to be determined as of the
26 filing of the initial complaint only and not subsequent amendments.  Morongo Band of Mission
27 Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380-81 (9th Cir. 1988).  As such,
28 the Commissioner argues the Court must dismiss the SAC without leave to amend.  However,

because more than 60 days has passed since the final decision on Plaintiffs Rin Lay and Huong Nguyen's administrative claims, those Plaintiffs could not now file a new civil action in this Court. Thus, the Court believes it is appropriate to permit the filing of a TAC in this case.

### *Conclusion*

For the reasons set forth herein, the Court GRANTS the Commissioner's motion to dismiss the Plaintiffs' second amended complaint. The Court DENIES Plaintiffs leave to file the proposed third amended complaint they attached as an exhibit to their opposition to the Commissioner's motion to dismiss. However, the Court GRANTS Plaintiffs Rin Lay and Huong Nguyen leave to file a third amended complaint to cure the deficiencies noted herein. The third amended complaint must be filed within fourteen (14) days of the filing of this order. Because the third amended complaint will be the first pleading asserting claims on behalf of Plaintiff Huong Nguyen, the Commissioner shall have 60 days to answer or otherwise respond to that pleading.

**IT IS SO ORDERED**.

**DATED: June 21, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**